IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACQUELINE M. ROBINSON, f/k/a )
JACQUELINE M. COX and )
JEFFREY M. ROBINSON, )
             )
        Plaintiffs, )  Civil Action No. 09-1066
             )
    vs. )
             )
COUNTY OF ALLEGHENY, )
ALLEGHENY COUNTY DEPARTMENT )
OF HUMAN SERVICES, OFFICE OF )
CHILDREN, YOUTH AND FAMILIES, )
BROOKE JORDAN and DEBORAH )
SADLER KIMES, )
             )
        Defendants. )
             )

AMBROSE, Chief District Judge

**MEMORANDUM ORDER**
**ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiffs commenced this civil rights action in Pennsylvania state court on June 2, 2009.

[Docket No. 3-3.]  The defendants were served on July 20, 2009. [Id.] When defendants failed to

answer or otherwise respond, Plaintiffs served Defendant Allegheny County with a Ten-Day

Notice of Default on August 4, 2009.  The remaining Defendants were served on August 11, 2009.

[Id.] On August 12, 2009, Defendants removed the action to this Court.  On August 21, 2009,

Plaintiff Jacqueline Robinson brought the within motion for a default judgment against

Defendants. [Docket Nos. 3-6.] Plaintiff Jeffrey Robinson moved for a default judgment against

all Defendants on August 24, 2009.

1

Default judgments are a disfavored means of resolving lawsuits. Tauro v. Baer, 2009 WL 2410952, at *2 (W.D. Pa. Aug. 4, 2009). The Third Circuit favors resolutions on the merits. Hurst v. City of Rehoboth Beach, 2008 WL 2916374, at *2 (3d Cir. July 3, 2008). The decision whether to enter a default judgment rests within the discretion of the trial court. Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 419 (3d Cir. 1987). In determining whether to grant a default judgment, the court may consider: (1) the prejudicial effect of a denial on the plaintiff; (2) whether the defendant appears to have a litigable defense; and (3) whether the defendant's delay was caused by culpable conduct. Husain v. Casino Control Commission, 265 Fed.Appx. 130, 133 (3d Cir. 2008).

As an initial matter, prior to moving for a default judgment, a plaintiff must obtain an entry of default by the Clerk pursuant to Federal Rule of Civil Procedure 55(a). Plaintiffs herein have failed to comply with this prerequisite. For this reason alone, I must deny Plaintiffs' motion for a default judgment. See Husain, 265 Fed.Appx. at 133 ("A review of the District Court docket confirms that no default was ever entered against the []Defendants, and the District Court accordingly was correct to deny [Plaintiff's] motion for default judgment.")

Even apart from the technical infirmities with Plaintiffs' motion, I do not find that entry of default judgment is warranted. After removal, Defendants had five days to respond to the Complaint. See Fed.R.Civ.P. 81(C)(2)(c). Defendants' response was due on August 19, 2009. Plaintiffs moved for a default judgment within a week.

Defendants have promptly responded to the motion for default judgment. [Docket No. 8.] They have explained that their delay in responding to the Complaint was attributable to a calendaring mistake. Defendants have also explained that they believe that the Complaint is

2

barred by the statute of limitations.  Given the insignificant period of delay with no evidence of

prejudice to Plaintiffs, the lack of culpable conduct on the part of Defendants, and the existence

of a litigable defense, in the exercise of my discretion I must deny Plaintiffs' motion for a default

judgment.

*     *     *

Based on the foregoing, it is ORDERED that:

(1) Plaintiffs' motion for a default judgment [Docket Nos. 3-7] is DENIED; and

(2) Defendants must file their motion to dismiss on or before September 11, 2009.


BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge

3